OPINION
Appellant Shannon Newsom appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which ordered his two children, Savon, born June 14, 1993, and Jonahia, born December 15, 1995, to the temporary custody of the Stark County Department of Human Services. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN PROCEEDING WITH DISPOSITION AND NOT GRANTING APPELLANT'S MOTION FOR DISMISSAL WHEN THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES FAILED TO FILE A CASE PLAN WITHIN THE STATUTORY TIME LIMIT AS REQUIRED BY OHIO REVISED CODE SECTIONS 2151.353 (D) AND 2151.4112.
R.C. 2151.353 (D) provides the trial court must journalize a Case Plan for a child as part of its dispositional order. R. C. 2151.412 requires a public children's service agency such as appellee to prepare and maintain a Case Plan for any child to whom the agency is providing services if, inter alia, the agency has temporary or permanent custody of the child. The statute requires the agency file the Case Plan with the court prior to the adjudicatory hearing and not later than 30 days after the date on which the complaint was filed or the child was first taken into shelter care, whichever is earlier. The statute requires all parts of the Case Plan to be completed by the earlier of 30 days after the adjudicatory hearing or the date of the dispositional hearing. If the parties to the Case Plan do not agree as to its contents, the parties will present evidence on the contents of the Case Plan at the dispositional hearing and the trial court shall determine the contents of the Case Plan based on the best interest of the child. In this case, appellee Stark County Department of Human Services filed a complaint on September 24, 1999, alleging the two children were dependent, neglected, and abused. The court held a shelter care hearing on September 27, 1999, and at that time set the matter for an initial adjudication on October 18, 1999. At the hearing, the children's mother, Dauretta Baity, stipulated to the facts and allegations of the complaint, but appellant moved for an evidentiary hearing. On December 8, 1999, the court heard evidence on the adjudicatory stage of the case. The court continued the disposition to December 13, 1999. On December 13, 1999, a magistrate to whom the matter had been referred found Savon to be abused and Jonahia, to be dependent. That same day, the court held a dispositional hearing. At that time, the parties discovered appellee had failed to file a Case Plan with the court. Appellant moved to dismiss the case based upon failure to comply with the statute, and the court heard evidence regarding the preparation and implementation of the Case Plan. The Family Service worker assigned to this case testified she did prepare and present a Case Plan to all parties, and she reviewed the requirements of the Case Plan with appellant. The Case Plan provided appellant would attend anger management classes and parenting classes. At the time of the dispositional hearing, appellant had begun attending anger management classes, and had signed up for the parenting classes, although they had not started yet. Based upon the above, the trial court adopted the Case Plan as testified to, ordered it be filed forthwith, and overruled the motion to dismiss. Although appellee concedes it did not comply with the statutory requirements with regard to the Case Plan, but urges the court appropriately adopted the Case Plan. The evidence clearly shows a Case Plan was in existence, appellant knew the contents of the proposed Case Plan, and in fact had begun to implement it. Based upon the unique circumstances of this case, we find the department's failure to file the Case Plan in a timely manner, according to statute is harmless error because the Case Plan had been formulated, the parties had been notified, and in fact had begun to comply with the requirements prior to the hearing. The failure to file the Plan with the court did not prejudice appellant's ability to comply The assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, P.J., Hoffman, J., and Reader, V.J., concur